ROBECHOT *vs.* FOLSE ET AL.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

Parole evidence is inadmissible to show that the intention of the holder of a note in taking a special endorsement on it, was to novate it. The intention of the party must be sought in the words or language of the endorsement.

The plea of discussion should be overruled, when there is no actual tender of any specific sum to meet the expenses of the discussion.

An endorsement on a note after it is executed, and the husband of the wife, who both signed it, dies; that it shall be paid out of the proceeds of his succession, is neither a novation of the debt, or an extension of time which will discharge the surety.

This is an action against the defendant, J. P. Knoblock, as surety in a promissory note, executed by Honorie Brou, and his wife, Eleanoré Folse. The note is for three hundred and thirty-eight dollars and eighty cents, dated, May 27, 1833, and payable to the plaintiff, in all the month of March, 1834.

After the execution of the note, Brou, the husband, died. On the 15th August, 1834, it remaining unpaid, the widow endorsed on the note, that she would pay it out of the first funds of the succession of her deceased husband, with ten per cent. interest per annum, in March next, etc.

The defendant, Knoblock, pleaded a general denial, but admitted his signature. He denied that he was in any way liable as surety: *First,* Because the debt sued on is novated

by the plaintiff's accepting another and different obligation from Eleanoré Folse, in her endorsement on said note; *Second*, By said endorsement an extension of time is given for the payment of the note, which discharges the surety; *Third*, The principal obligor, H. Brou, deceased, left considerable and sufficient property to pay this note, therefore he pleads the benefit of discussion, and is ready, and hereby tenders a sum sufficient to carry it on ; *Finally*, His co-defendant, widow Folse, is surety with him, and bound for her part.    He therefore prays for the benefit of division.

Upon these issues and pleadings the parties went to trial.

The defendant, Knoblock, offered parole evidence to prove the intention of the plaintiff to novate the debt, by taking the new obligation contained in the endorsement for the amount of the note.    This evidence was objected to, and rejected by the court, and a bill of exceptions taken by the defendant's counsel.

Judgment was rendered for the amount of the note, and overruling all the defendant's pleas, from which he appealed.

*Taylor*, for the plaintiff and appellee.

1. The obligation sued on begins, " I promise to pay, etc." and is signed by both the husband and wife and the defendant.    They were bound in *in solido*.. 2 *Louisiana Reports*, 62.

2. The wife could not bind herself for her husband, nor with him, and the obligation, as to her, could not be enforced. *Louisiana Code*, 2412.

3. After the death of her husband she promised to pay the note at a certain time, out of the husband's succession.    This amounted to a ratification of the obligation on her part, or was a new contract to pay, and she became bound in law to discharge the note.    But this new contract was not a novation of the debt, because the old contract was retained.    It was not an extension of time, because the plaintiff contracted no obligation to wait, but was at liberty to sue on the first obligation whenever he chose.

4. The defendant is bound for the whole debt, as surety, in an obligation *in solido*.    *Louisiana Code*, 3005, 2079, 3014.

EASTERN DIST.
May, 1837.

ROBECHOT
vs.
FOLSE ET AL.

*J. C. Beatty,* for the defendant and appellant, contended that the obligation sued on is *in solido,* and that the personal exception of the wife, (if any she had,) might have availed her, but could not change the effect of the obligation between the parties until she availed herself of the exception. 2 *Louisiana Reports,* 60. *Louisiana Code,* 3005. 7 *Toullier,* 677.

2. The acceptance of the endorsement on the original note is an extension of time to the wife, in the payment of it, which discharges the surety. *Louisiana Code,* 2047, 2048. 3 *Martin, N. S.,* 576.

3. The discharge of one debtor *in solido* releases the balance, and *a fortiori* the extension of time to one of them, releases the surety. 4 *Martin, N. S.,* 192. 8 *Ibid.,* 277. 7 *Ibid.,* 588. 3 *Louisiana Reports,* 351. *Louisiana Code,* 2032.

*Martin, J.,* delivered the opinion of the court.

This is an action on a promissory note, executed by the defendant, Folse, and her husband, on the back of which is an endorsement binding her, after the death of her husband, to, pay the note out of the proceeds of the sale of his succession ; and the defendant, Knoblock, is sued as surety for the payment of said note.

The defendant, Knoblock, pleaded the general issue, discussion, novation ; that the defendant is discharged, by time being given to the principal. There was judgment against the defendant, Knoblock, and his plea of discussion was overruled, and he appealed.

Our attention is first drawn to a bill of exceptions, taken by the appellant to the opinion of the court, refusing him leave to introduce testimony to prove the intention of the plaintiff to novate the note.

This novation was contended to result from the endorsement of the appellant's co-defendant on the back of the note. The intention of the plaintiff was to be sought in the words in which the endorsement is couched, and the court correctly refused parole evidence to explain it. Evidence of this co-defendant being tutrix of her children by her deceased husband, could not be of any use in establishing the intention of the plaintiff.

Parole evidence is inadmissible to show that the intention of the holder of a note in taking a special endorsement on it, was to novate it. The intention of the party must be sought in the words or language of the endorsement.

The answer admits expressly the execution of the note by the husband and wife, and the suretyship of the appellant.

The plea of discussion was, in our opinion, correctly overruled, as there was no actual tender of any specific sum to meet the expenses of the discussion.

By the endorsement made after the death of the husband of the appellant's co-defendant, she acknowledged the legitimacy of the plaintiff's claim, and promised to pay it with interest, out of any funds which she might receive on the sale of the property of his succession, in March following, or receive it in payment of any debts due the succession.

It is clear that this endorsement created no novation, for neither of the original parties was thereby discharged.

The district judge was of opinion that this endorsement is not evidence of any extension of time of payment. The widow did not bind herself personally and absolutely to pay the debt, she only undertook to discharge it out of the funds of the estate. She could not, under the Civil Code, article 2412, bind herself conjointly with her husband, for any debt of his. As tutrix of her children, and managing the estate of their deceased father, she could not have been compelled to pay any of its debts, except in a due course of administration ; that is, by the sale of the estate, and the collection of debts, and not until payment was authorized or ordered by the court.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.